UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARILYN MAGDALENO,

      Plaintiff,

    v.

CCFI COMPANIES, LLC,

      Defendant.

No.  2:25-cv-01968-DAD-JDP

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND REMANDING THIS ACTION TO THE YOLO COUNTY SUPERIOR COURT

(Doc. No. 6)

This matter is before the court on plaintiff's motion remand this action to the Yolo County Superior Court.  (Doc. No. 6.)  For the reasons explained below, the pending motion to remand will be granted.

**BACKGROUND**

On April 9, 2025, plaintiff Marilyn Magdaleno filed a complaint in Yolo County Superior Court initiating this action, asserting one claim against defendant CCFI Companies, LLC for civil penalties pursuant to California Labor Code § 2699 ("the California Private Attorneys General Act" or "PAGA").  (Doc. No. 1-2 at 5, 8.)  Defendant removed the action to this court on the basis of diversity jurisdiction on July 14, 2025 pursuant to 28 U.S.C. §§ 1332 and 1441(b).  (Doc. No. 1.)  On August 12, 2025, plaintiff filed her motion to remand and request for attorney's fees. (Doc. No. 6.)  On August 26, 2025, defendant filed its opposition to the pending motion and a

1

request for judicial notice.[1]  (Doc. Nos. 9, 10.)  Plaintiff did not file a reply.  On September 18, 2025, this action was reassigned to the undersigned.  (Doc. No. 12.)

## LEGAL STANDARD

A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  Removal is proper when a case originally filed in state court presents a federal question or where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. §§ 1331, 1332(a).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute."  *Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citation omitted); *see also Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) ("The defendant bears the burden of establishing that removal is proper.").  If there is any doubt as to the right of removal, a federal court must reject jurisdiction and remand the case to state court.  *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1118 (9th Cir. 2004).

## ANALYSIS

### A.      Diversity Jurisdiction

Defendant's notice of removal asserts that this court has diversity jurisdiction over this action because plaintiff Magdaleno is domiciled in and a citizen of California, while defendant is a citizen of Delaware and Texas.  (Doc. No. 1 at 4–23.)  Plaintiff's motion to remand counters that the court lacks diversity jurisdiction because the complete diversity requirement is not satisfied here, where the real party in interest is the State of California, which is not a citizen of

---

[1] The exhibits defendant asks this court to judicially notice are not relevant to the court's analysis and would not alter the court's view in resolving the pending motion.  Accordingly, that request is denied as moot.  *See Langer v. Music City Hotel LP*, No. 21-cv-04159-PJH, 2021 WL 5919825, at *5 (N.D. Cal. Dec. 15, 2021) ("The court does not consider this exhibit in deciding this motion, and it therefore denies as moot the request for judicial notice of the exhibit.").

any state.  (Doc. No. 6-1 at 3–5.)  In opposition, defendant argues that the named plaintiff, rather than the State of California, is the real party in interest in this action.  (Doc. No. 9 at 11–16.)

Diversity jurisdiction requires complete diversity of citizenship—where the action is between citizens of different states—and an amount in controversy that exceeds $75,000.  28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]").  "For the purposes of diversity jurisdiction, 'a State is not a citizen of itself.'"  *Dep't of Fair Emp. & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 737 (9th Cir. 2011) (citation omitted).  "Thus, neither a state nor a state agency can be a party to a diversity action."  *Id.* (cleaned up) (citation omitted); *see also In re Facebook, Inc., Consumer Priv. User Profile Litig.*, 354 F. Supp. 3d 1122, 1124 (N.D. Cal. 2019) ("Diversity jurisdiction is lacking in such a case because the state is not a citizen of anywhere.").

Only the citizenship (or lack thereof) of the real parties in interest determines whether a federal court has diversity jurisdiction.  *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1183 (9th Cir. 2004) ("[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy.") (quoting *Navarro Sav. Ass'n v. Lee,* 446 U.S. 458, 461 (1980)); *Atchison, T. & S.F. Ry. Co. v. Phillips*, 176 F. 663, 666 (9th Cir. 1910) ("The Supreme Court of the United States has decided time and again that, if the jurisdiction of the court is based on the diverse citizenship of the parties, the diversity must exist between the real, substantial parties to the cause, and that the citizenship of nominal parties or parties who have no real interest in the controversy is immaterial.").

A state is a real party in interest for purposes of diversity jurisdiction only where the state has an interest that goes beyond "general governmental interest" since "the purpose of all litigation is to preserve and enforce rights and secure compliance with the law of the state, either statute or common."  *Mo., Kan. & Tex. Ry. Co. v. Hickman*, 183 U.S. 53, 60 (1901).  In an action that involves only PAGA claims, the state's interest goes beyond "general governmental interest" because the State of California is entitled to 65% of any civil penalties recovered.  Cal. Lab. Code § 2699(m) ("65 percent to the Labor and Workforce Development Agency"); *see also Vasquez v.*

3

*P.F. Chang's China Bistro, Inc.*, No. 09-cv-01408-DSF-RZ, 2010 WL 11596720, at \*1 (C.D. Cal. Mar. 8, 2010) ("Because it stands to receive a large portion of the recovery on Plaintiff's PAGA claim, the Court finds that the State of California is a 'real party in interest' to the PAGA claim.").

Further, determination of the real party in interest for purposes of diversity jurisdiction is "informed by state law." *In re Facebook, Inc., Consumer Priv. User Profile Litig.*, 354 F. Supp. 3d at 1124; *cf. Lucent Techs.*, 642 F.3d at 738 (finding that the state was not the real party in interest for purposes of diversity jurisdiction in an action brought by the California Department of Fair Employment and Housing and an individual plaintiff-intervenor asserting that the individual was terminated in violation of FEHA after consulting a state statute). Here, California law confirms that the State of California is the real party in interest for purposes of a PAGA action. *Viking River Cruises, Inc. v. Moriana*, 596 U.S. 639, 646 n.2 (2022) ("California precedent strongly suggests that the State retains inherent authority to manage PAGA actions. There is no other obvious way to understand California precedent's description of the State as the 'real party in interest.'"); *see also Turrieta v. Lyft, Inc.*, 16 Cal. 5th 664, 682 (2024) ("The government entity on whose behalf the plaintiff files suit is always the real party in interest in the [PAGA] suit.") (quoting *Iskanian v. CLS Transp. L.A., LLC*, 59 Cal. 4th 348, 382 (2014)); *Rose v. Hobby Lobby Stores, Inc.*, 111 Cal. App. 5th 162, 169 (2025) ("In other words, a 'PAGA action . . . is a representative action on behalf of the state.'") (quoting *Iskanian*, 59 Cal. 4th at 387), *review denied* (Aug. 27, 2025).

Despite the State of California's financial interest in PAGA actions and the consensus under California law that the state is the real party in interest in a PAGA action, whether California's interest in a PAGA action is sufficient to destroy complete diversity remains an unsettled question in the Ninth Circuit. Notably, the Ninth Circuit has stated in dicta that it is "unpersuaded that [a] PAGA action could satisfy the complete diversity element because the State of California was the real party in interest and was not a citizen." *Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 849 n.1 (9th Cir. 2020); *see also Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1122–23 (9th Cir. 2013) ("To the extent Plaintiff can—and does—assert anything but

4

his individual interest, however, we are unpersuaded that such a [PAGA] suit, the primary benefit of which will inure to the state, satisfies the requirements of federal diversity jurisdiction.  The state, as the real party in interest, is not a 'citizen' for diversity purposes."); *but see Archila v. KFC U.S. Properties, Inc.*, 420 Fed. App'x 667, 668 (9th Cir. 2011) (affirming the district court's exercise of jurisdiction over PAGA claims because "[a]lthough California may be a real party in interest to a PAGA action, . . . this does not convert California into an actual party to all PAGA litigation").  The fact that the Ninth Circuit has addressed this question only in dicta has resulted in a split among district courts within the circuit.  One California district court has addressed the issue as follows:

> Here, this Court lacks subject matter jurisdiction because complete diversity does not exist.  For PAGA claims, as the Ninth Circuit recognized in *Urbino v. Orkin Servs. of California, Inc.*, 726 F.3d 1118 (9th Cir. 2013), "[t]he state, as the real party in interest, is not a 'citizen' for diversity purposes." *Urbino*, 726 F.3d at 1123.  Similarly, in a more recent case, *Canela v. Costco Wholesale Corp.*, 971 F.3d 845 (9th Cir. 2020), the Ninth Circuit again expressed doubt that the State of California, as the real party in interest, could satisfy the complete diversity requirement.  *Canela*, 971 F.3d at 849 n.1 ("We were also unpersuaded that the PAGA action could satisfy the complete diversity element because the State of California was the real party in interest and was not a citizen.").
>
> Relying on these observations in *Urbino* and *Canela*, district courts have found, in actions that raise only PAGA claims, the presence of the State of California, as the real party in interest, defeats diversity jurisdiction regardless of the citizenship of the named plaintiffs and defendants. *See, e.g., Garcia v. Old Dominion Freight Line Inc.*, No. EDCV-14-1023-DSF-RZx, 2014 WL 12597637, at *1 (C.D. Cal. Aug. 20, 2014) ("[T]he State of California is also a real party in interest and the presence of the State as a real party in interest defeats diversity regardless of the citizenship of the other parties."); *Alvarez v. AutoZone, Inc.*, No. EDCV-14-2471-FMO-SPx, 2022 WL 1404245, at *3 (C.D. Cal. May 3, 2022) ("In light of *Canela*, the court is unpersuaded by defendant's contentions that a plaintiff who asserts only PAGA claims can satisfy the complete diversity requirement set forth in 28 U.S.C. § 1332(a)."); *see also Alvarez v. AutoZone, Inc.*, No. EDCV-14-02471-VAP-SPx, 2015 WL 13122313, at *6 n.4 (C.D. Cal. Apr. 13, 2015) ("As PAGA claims belong to the state, rather than to an individual plaintiff, a complaint pleading solely PAGA claims would likely fall outside the Court's diversity jurisdiction; after all, a state is not a citizen of itself.").
>
> The Court acknowledges the holdings in both *Urbino* and *Canela* addressed whether PAGA penalties could be consolidated in calculating the amount in controversy, not the issue of diversity of citizenship.  *Urbino*, 726 F.3d at 1120 (holding individual claims of

PAGA penalties "cannot be aggregated to meet the amount in controversy requirement"); *Canela*, 971 F.3d at 849 (same). As a result, there are district courts that have found complete diversity can exist in actions that raise only PAGA claims. *See, e.g., Hesselink v. Am. Fam. Life Assurance Co. of Columbus*, No. SACV-20-2051-CJC-DFMx, 2020 WL 7768711, at *2 (C.D. Cal. Dec. 30, 2020) ("District courts in the Ninth Circuit have considered the named plaintiff's citizenship, and not the state's, to be determinative of diversity jurisdiction in PAGA cases.") (internal quotation marks omitted). However, these cases simply raise doubt over the existence of complete diversity, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

Accordingly, in light of this doubt over the existence of complete diversity, the Court finds it does not have original jurisdiction over this PAGA action and, thus, remand is required.

*Madero v. McLane Foodservice, Inc.*, No. 24-cv-01013-KK-DTB, 2024 WL 3251730, at *3–4 (C.D. Cal. June 18, 2024); *see also Madero v. McLane Foodservice, Inc.,* No. 24-cv-01013-KK-DTB, 2024 WL 3251730, at *4 (C.D. Cal. June 18, 2024).

But this view is clearly not universally held among the district courts in the Ninth Circuit. Adopting the opposite view and concluding that diversity jurisdiction existed over a complaint asserting a PAGA claim, one district court has explained as follows.

Russo is a citizen of California, and all three defendants are citizens of Texas. Russo argues, however, that in a PAGA lawsuit, the state (not the lead plaintiff) is the true party in interest. Because "a State is not a 'citizen' for purposes of the diversity jurisdiction," *Moor v. Cnty. of Alameda*, 411 U.S. 693, 717, 93 S. Ct. 1785, 36 L.Ed.2d 596 (1973), Russo argues that remand is required.

In support of his position, Russo relies upon *Urbino v. Orkin Servs. Of Cal., Inc.*, 726 F.3d 1118, 1123 (9th Cir. 2013). In *Urbino*, California plaintiff John Urbino sued on behalf of 811 similarly situated employees against corporate defendants, each of whom were citizens of different states. The question before the court was not whether California was a party in interest but whether a lead PAGA plaintiff can aggregate the civil penalties owed to all similarly aggrieved employees for the purpose of the amount in controversy requirement. Contrary to the "traditional rule" of aggregation, the Ninth Circuit held that in PAGA litigation multiple aggrieved employees cannot aggregate their PAGA claims to satisfy 28 U.S.C.§ 1332(a). *Id.* at 1122–23.

The *Urbino* court briefly touched on a state's citizenship, explaining that "[t]he state, as the real party in interest, is not a 'citizen' for diversity purposes." *Urbino*, 726 F.3d at 1123 (emphasis added). But the Court cabined this logic as applying only "[t]o the extent Plaintiff can—and does—assert *anything but* his individual interest."

6

*Id.* at 1122. The court, primarily concerned with the amount in controversy requirement, did not consider whether John Urbino himself was a party in interest because, even if he was, his claim did not reach the $75,000 threshold. As one district court has explained, the "better reading of this passage" is that the court accepted "for the sake of argument" that Urbino "was effectively a representative of the State of California." *Patel v. Nike Retail Servs., Inc.*, 58 F. Supp. 3d 1032, 1046 (N.D. Cal. 2014); *see also Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 849 (9th Cir. 2020) ("[In *Urbino*, w]e concluded that PAGA civil penalties could not be aggregated for [the amount in controversy requirement], and therefore that the district court lacked diversity jurisdiction."). *Urbino* required remand to the state court because Urbino could not satisfy the amount in controversy requirement even if both he and California were real parties in interest.

Here, Russo alleges violations of California wage and labor laws that arise from his own unique circumstances, namely his employment with Federal Medical and Ben Fitzgerald. He clearly asserts his own interest because the PAGA claims rise and fall upon a consideration of factual circumstances and alleged injuries that are unique to him. Assuming that Russo is an "aggrieved employee," the PAGA statute gives him a right to sue and "recover[ penalties] through a civil action." Cal. Lab. Code. § 2699(a). This right makes him a party in interest. *See Warth v. Seldin*, 422 U.S. 490, 499, 95 S. Ct. 2197, 45 L.Ed.2d 343 (1975) ("[a] plaintiff generally must assert his own legal rights and interests."); *see also Nat'l Grange of the Ord. of Patrons of Husbandry v. Cal. Guild*, 334 F. Supp. 3d 1057 (E.D. Cal. 2018) ("[T]he 'real party in interest' rule ... explains that the real party is the person who has the right to sue under the substantive law."). And even if "California is a party in interest to a PAGA action, this does not convert California into an actual party in all PAGA litigation." *Archila v. KFC U.S. Props., Inc.*, 420 Fed. Appx. 667, 668 (9th Cir. 2011) (internal citation omitted). "There is no basis" for deeming California the *only* party in interest when the state, as "a real party in interest has declined to bring the action or intervene." *United States ex rel. Eisenstein v. City of N.Y.*, 556 U.S. 928, 129 S. Ct. 2230, 173 L.Ed.2d 1255 (2009). Thus, Russo is a party in interest for the purposes of 28 U.S.C. § 1332(a). Because defendants are all citizens of Texas, the parties are completely diverse.

*Russo v. Federal Medical Services, Inc.*, 756 F. Supp. 3d 748, 755–56 (N.D. Cal. 2024); *see also Heras v. Transystems Corp.,* No. 23-cv-09843-AB-MAR, 2024 WL 3086564, at *2 (C.D. Cal. May 8, 2024); *Prestwood v. Marriott Ownership Resorts, Inc.,* No. 19-cv-00766-AG-SS, 2019 WL 2522674, at *2 (C.D. Cal. June 18, 2019); *Solis v. Dunbar Armored, Inc.,* No. 17-cv-02193-DMS-JLB, 2018 WL 259200, at *2 (S.D. Cal. Jan. 2, 2018); *Chavez v. Time Warner Cable LLC,* No. 12-cv-05291-RGK-RZ, 2016 WL 1588096, at *2 (C.D. Cal. Apr. 20, 2016).

/////

7

The undersigned is persuaded that the former view is the correct one, at least in cases such as this one where the sole claim asserted is one under PAGA. In such actions, as recognized above, California possesses more than a "general governmental interest" because it is entitled to 65% of any civil penalties recovered. Cal. Lab. Code § 2699(m); *see also Vasquez,* 2010 WL 11596720, at \*1 (concluding that California was the real party in interest because it stood to receive a large portion of the recovery obtained on the plaintiff's PAGA claim). Thus, California is not a real party in interest in this action in a mere technical sense. Rather, if this action is successfully prosecuted California stands to benefit more financially than plaintiff Magdaleno.[2]

Because diversity jurisdiction requires complete diversity, complete diversity requires that the suit be between citizens of different states, states are not citizens, and the State of California is the real party in interest in actions brought solely pursuant to PAGA, this court lacks diversity jurisdiction over this PAGA action.[3]

## B.    Plaintiff's Request for Attorney's Fees

Plaintiff requests that the court award her attorney's fees and costs incurred in litigating her motion to remand. (Doc. No. 6-1 at 7.) In its opposition, defendant argues that attorney's fees should not be awarded because it had an objectively reasonable basis for removing. (Doc. No. 9 at 30.)

"[D]istrict courts should award attorney's fees and costs under § 1447(c) 'only where the removing party lacked an objectively reasonable basis for seeking removal.'" *Otay Land Co. v. United Enters. Ltd.*, 672 F.3d 1152, 1157 (9th Cir. 2012) (quoting *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005)). "In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." *Martin*, 546

---

[2]  Other district courts have recognized the lack of consensus on this question but declined to weigh in, resolving the motion pending before them on other grounds. *See Penn v. Team Industrial Services, Inc.,* No. 2:25-cv-11927-SPG-SK, 2026 WL 751162, at \*3 (C.D. Cal. Mar. 17, 2026); *Lazare v. Unifirst Corporation*, No. 25-cv-03028-JST, 2025 WL 2751807, at \*2 (N.D. Cal. Sept. 29, 2025).

[3]  The court need not and does not reach the question of whether the amount in controversy in this case exceeds $75,000 because even if this requirement is met, the court still lacks diversity jurisdiction where the complete diversity requirement is not satisfied.

U.S. at 141. Because the question of whether complete diversity can exist in PAGA actions is a somewhat "unsettled" area of law, where the Ninth Circuit has weighed in only in dicta, the court finds that defendant had an objectively reasonable basis for removing this action. *See McKeown v. Ford Motor Co.*, No. 19-cv-00281-CJC-PLA, 2019 WL 1199468, at *4 (C.D. Cal. Mar. 13, 2019) ("[U]nsettled case law . . . provided an objectively reasonable basis for Defendants [to remove this action on the basis of fraudulent joinder].").  As acknowledged above, several district courts in the Ninth Circuit have concluded that the presence of the state as a real party in interest does not always divest the court of diversity jurisdiction over PAGA claims.  Moreover, how to calculate the amount in controversy for purposes of PAGA actions is a similarly unsettled question. *See, e.g.*, *Mendoza v. Movement Mortg., LLC*, No. 2:24-cv-03479-DAD-CSK, 2025 WL 1646897, at *4 (E.D. Cal. June 11, 2025) (acknowledging a split of authority regarding whether to include the share of PAGA penalties that will go to the state).  Further, the court is aware of no special circumstances that would warrant departure in this case from that rule that attorney's fees and costs should be awarded only where an objectively reasonable basis for seeking removal was absent.  Accordingly, the court will deny plaintiff's request for attorney's fees and costs incurred in litigating her motion to remand.

## CONCLUSION

For the reasons discussed above:

1. Plaintiff's motion to remand and request for attorney's fees (Doc. No. 6) is GRANTED in part as follows:

   a. Plaintiff's motion to remand this action to the Yolo County Superior Court is GRANTED;

   b. Plaintiff's request for attorney's fees is DENIED;

2. This action is REMANDED to the Yolo County Superior Court, pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction; and

/////

/////

/////

9

3.     The Clerk of the Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:   **March 25, 2026**                    _Dale A. Drozd_
                                               DALE A. DROZD
                                               UNITED STATES DISTRICT JUDGE

10